**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4433
_____

WEN LIN YANG,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-539-402)
Immigration Judge:  Honorable Frederic G. Leeds

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 6, 2010

Before: MCKEE, Chief Judge, HARDIMAN and COWEN, Circuit Judges

Opinion filed: October 18, 2010
_____

OPINION
_____

PER CURIAM

Wen Lin Yang, a native and citizen of the People's Republic of China, petitions

for review of the Board of Immigration Appeals' ("BIA") final order of removal. For the reasons that follow, we will deny the petition.

I.

Yang entered the United States in January 2006 and was subsequently placed in removal proceedings for having entered the country without being admitted or paroled. He conceded his removability and, in December 2006, applied for asylum, withholding of removal, and relief under the Contention Against Torture ("CAT"). His application alleged that officials in China had required his wife to have an IUD inserted, later forced her to have an abortion, and fined the couple on two occasions. The application also claimed that he would be fined, imprisoned, and tortured for having left China and entered the United States illegally. He later submitted a supplemental affidavit stating that he had started practicing Falun Gong after arriving in the United States and feared that he would be persecuted for this practice if he returned to China.

In an October 2008 hearing before the Immigration Judge ("IJ"), Yang testified that his wife gave birth to the couple's first child in 1996, about three years before the couple was married. Yang explained that, after the birth, officials in China required his wife to have an IUD inserted and fined the couple 5000 RMB (roughly $700). In 2005, the couple had the IUD removed by a private doctor and Yang's wife became pregnant shortly thereafter. On December 15, 2005, while Yang was away from home, officials forced his wife to have an abortion. The couple was subsequently fined 1000 RMB.

2

Yang also testified that, for about two months in 2005, he helped promote Falun Gong in China by distributing fliers. On December 17, 2005, while Yang was away from home, Yang's wife called him to tell him that officials had come to the house looking for him. Yang subsequently went into hiding and made arrangements to come to the United States. After arriving in the United States, he began practicing Falun Gong.

Following the hearing, the IJ denied Yang's application. First, the IJ rejected Yang's claim relating to China's family planning policies, concluding that Yang had not demonstrated "other resistance" to those policies or otherwise shown that the fines imposed against him and his wife rose to the level of persecution. Next, the IJ concluded that Yang could not obtain relief based on his status as a returning illegal immigrant. Finally, the IJ held that Yang's Falun Gong claim lacked credibility and that there was no evidence that the Chinese government actually knew that Yang was practicing Falun Gong. On appeal, the BIA issued its own decision, upholding all aspects of the IJ's decision. Yang now seeks review of the BIA's decision.

## II.

We have jurisdiction over Yang's petition pursuant to 8 U.S.C. § 1252(a)(1). Where, as here, the BIA "invokes specific aspects of the IJ's analysis and fact-finding in support of [its] conclusions," we review both the IJ's decision and the BIA's decision. See Voci v. Gonzales, 409 F.3d 607, 613 (3d Cir. 2005). We review the agency's findings of fact, including its adverse credibility finding, for substantial evidence. See

3

Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir. 2005). Under this deferential standard of review, we must uphold those findings "unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001).

We note at the outset that Yang has waived any challenge to the denial of his claim that he would be persecuted or tortured in China based on his status as an illegal returning immigrant. See Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court.") (internal quotation marks and citation omitted). Accordingly, we will limit our analysis to his other two theories for relief.

We first consider Yang's asylum claim relating to China's family planning policies. As the BIA recognized, Yang's wife's forced abortion does not render Yang himself eligible for asylum. See Lin-Zheng v. Att'y Gen. of the U.S., 557 F.3d 147, 148-49 (3d Cir. 2009) (en banc). Moreover, the record does not compel a finding that Yang suffered past persecution or has a well-founded fear of future persecution on account of his alleged "other resistance" to China's family planning policies. Although "the deliberate imposition of severe economic disadvantage which threatens a petitioner's life or freedom may constitute persecution," Li v. Att'y Gen. of the U.S., 400 F.3d 157, 168 (3d Cir. 2005), Yang failed to show that the fines imposed against him rose to that level. As the BIA highlighted, Yang "did not present any evidence concerning the impact of the

4

fines on his family, nor evidence of his own income in China, or any facts that would make it possible to evaluate his personal financial circumstances in relation to the fines imposed." (Admin. Rec. at 4.)

As for Yang's asylum claim based on his involvement with Falun Gong, he incorrectly claims that "the IJ's adverse credibility determination was solely based on the inconsistency between [Yang's] testimony in the court and the record of his credible fear interview."[1] (Yang's Brief at 7.) The IJ's adverse credibility finding turned on inconsistencies amongst Yang's application, his hearing testimony, and the other evidence in the record. Yang has not demonstrated that the record compels a favorable credibility finding, nor has he shown that the record compels a finding that the Chinese government even suspects that he practices Falun Gong. Additionally, he has not established that the record compels a finding that there is a pattern or practice of persecution in China against Falun Gong practitioners. Finally, his argument that the IJ ignored certain evidence relating to his Falun Gong claim lacks merit.

Because Yang cannot prevail on his asylum claims, he cannot meet the higher standard for withholding of removal. See Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003). Additionally, he has not shown that the BIA erred in concluding that he failed to meet his burden for CAT relief.

---

[1]To the extent Yang challenges aspects of his credible fear interview, those claims are unexhausted and, thus, outside the scope of our review. See Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003).

In light of the above, we will deny Yang's petition.